UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. WIRTH,<br><br>   Petitioner,<br><br>   v.<br><br>SUPERIOR COURT, COUNTY OF SACRAMENTO,<br><br>   Respondent. | No. 2:20-cv-2213 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a motion under Federal Rule of Civil Procedure 60(b), a motion for appointment of counsel, and a request to proceed in forma pauperis. ECF Nos. 1, 3, 6.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner has filed a document styled as a motion under Federal Rule of Civil Procedure 60(b). However, the motion alleges constitutional defects in petitioner's state criminal proceedings and clearly challenges his conviction in Sacramento County Superior Court Case No. 02F00680. ECF No. 1 at 5-10. Although petitioner explicitly states that his motion should not be converted into a petition for writ of habeas corpus, id. at 9, "a legitimate Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings,' while a second or

1

1 successive habeas corpus petition 'is a filing that contains one or more "claims,"' defined as
2 'asserted federal bas[e]s for relief from a state court's judgment of conviction.'" Jones v. Ryan,
3 733 F.3d 825, 834 (9th Cir. 2013) (quoting Gonzalez v. Crosby, 545 U.S. 524, 530, 532 (2005)).
4 "[A] Rule 60(b) motion that asserts a claim on the merits is in effect a habeas petition and is
5 subject to requirements of § 2244(b) for successive petitions." Balbuena v. Sullivan, 980 F.3d
6 619, 636 (9th Cir. 2020) (citing Gonzalez, 545 U.S. at 531-32).

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532 (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

This court's records show that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was docketed on December 14, 2006, and was denied on the merits on December 17, 2009. Wirth v. Kramer, No. 2:06-cv-2836 JKS (E.D. Cal.), ECF Nos. 1, 30. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Petitioner has not

provided any evidence that he has received the required authorization.  The undersigned will therefore recommend that this action be dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the Ninth Circuit.

Petitioner has also requested the appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  In light of the recommendation that the petition be dismissed, the court does not find that the interests of justice would be served by the appointment of counsel and the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 6, is GRANTED.

2. Petitioner's motion for appointment of counsel, ECF No. 3, is DENIED.

3. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice as second or successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE